Hawkins J.,
delivered the opinion of the Court.
On the 25th of May, 1857, one Samuel A. White was appointed Clerk & Master of the Chancery Court, at Knoxville, and, as such, entered into bond with John Williams, Joseph A. Mabry, and Thomas C. Lyon, as his sureties.
The condition of the bond, is, that “said White safely keep the records of said Court, and truly and *245 faithfully discharge and perform all the duties incumbent on him by law, as said Clerk & Master.”
On the 3d of October, 1861, this suit was brought in the Circuit Court of Knox County, against the executors of White and his sureties upon said bond. The declaration alleges that White and his sureties, had broken their covenant in this: “That on the 10th day of ■ October, 1857, said White, as Clerk & Master, had in his hands, the sum of $797.14, belonging to the estate of Franklin H. Morgan, deceased, which he was bound, under an order of said Chancery Court, to loan out on short call, with bond and approved security, and to deliver the same, with the interest thereon, to the administrator of said Morgan, or other person legally authorized to receive it; but being so bound, he failed and refused so to do, but unlawfully detained and embezzled the same; and he never did, nor has any one for him, paid over the same to any one legally authorized to receive it, but the same still remains unpaid.”
The plea avers, that “the conditions of the bond declared on, have not been broken, in manner and form, as alleged.” On the trial of the cause, the plaintiff introduced and read in evidence, without objections, the copy of an interlocutary decree of the Chancery Court at Knoxville, made on the 10th day of October, 1857, in the case of Calvin Morgan, Executor, etc., vs. Rufus Morgan, in which, among other things, it is recited: “In this cause, it appearing to the Court, that, during the present term of this Court, the complainant has paid into the office of the Clerk *246 & Master, the sum of $1,734.40, for the benefit of Mrs. Eliza J. M cOlung, Franklin H. Morgan, Rufus Morgan’s children, and A. M, Morgan, under a former decree in this Court; that is to say, $797.14, for F. H. Morgan; $797.14, for Eliza J. McClung; $74.98, for Rufus Morgan’s minor children, and $67.14, for Alex- . ander M. Morgan.
“The Court is, therefore, pleased to order, direct, and decree, that the Clerk & Master pay over the above-named sums to the said parties, and to the legally appointed trustees of those who are not sui juris, or, also, have trustees, who are authorized to receive this fund, derived from the estate of Calvin Morgan, deceased. It appearing to the Court, that F. H. Morgan is dead, and that Calvin McClung, his executor, is also dead, and no one appearing before this Court authorized to receive said fund belonging to the estate of the said F. H. Morgan, the Chancellor is, therefore, pleased to direct that the Clerk & Master loan out said fund,./ on short call, with bond and approved security.” And in the concluding portion of said decree, it is ordered, that “this cause is continued until the regular April Term, 1858, at which time the Master will again report to this Court.”
The plaintiff also proved, by one Deaderick, that he was the successor of White — that said fund had never been paid to him — that he has searched, and can find no note representing said fund, or any thing showing what has become of the same. This was, in substance, all the evidence in the cause.
*247 Among other things, the Court instructed the jury as follows:
“If you shall believe, from the proof in this cause, that Samuel A. White, the defendant’s testator, was Clerk & Master of the Chancery Court at Knoxville; and that while he was thus acting, the money belonging or decreed to E. H. Morgan, was paid into the office of the Clerk & Master; and that he, in his lifetime, and his executors, since his death, have failed to pay over or account for the same, to E. H. Morgan, or his legal representatives, then, in that extent, it would be your duty to find for the plaintiff the amount paid into the office of the Clerk & Master, together with the interest thereon to this date.”
Under these instructions, the jury found a verdict for the plaintiff, for the sum of $985.81, upon which the Court proceeded to pronounce a judgment. The defendant moved for a new trial, upon the ground that the Court had mis-instructed the jury, which motion was overruled; and thereupon the defendant appealed to this Court.
We think the charge of the Circuit Judge was clearly erroneous. The facts established by the proof in the case, do not entitle the plaintiff to a recovery, but show that the fund, to recover which this suit was brought, was custodio legis, under the control, and subject to the orders and decrees of the Chancery Court at Knoxville, of which White was Clerk & Master; and who, as such, had no right or authority to pay it out to anybody, except in obedience to the order of that Court. It was a duty, “incum *248 bent on him by law,” to retain said fund, subject to the orders of said Court, the violations of which, by paying it out without an order from the Court, might have subjected himself and his securities to liability for the same.
For aught that appears in this record, said suit is still pending and undetermined, in the Chancery Court. It does not appear that any order has ever been made, directing the Clerk & Master to pay out said fund; and while it thus remains in the custody of the law, subject to orders and decrees of the Chancery Court, and under its jurisdiction, a party cannot resort to a different forum, and recover the same in a proceeding against the Clerk & Master of the Chancery Court, and thus oust the Chancery Court of its jurisdiction of the same.
Other questions have been raised in the argument; but as the one already referred to, is, in the view we have taken of it, decisive of the case, we do not deem it necessary to notice them.
The judgment will be reversed, and the cause remanded.